UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

ERIC-JOSHUA MAPES,

    Plaintiff,

    v.                                                                  Case No. 2:25-CV-378-GSL-JEM

STATE OF INDIANA, *et al.*,

    Defendants.

**OPINION AND ORDER**

This matter is before the Court on a Motion to Proceed In Forma Pauperis [DE 2] filed by

Plaintiff Eric-Joshua Mapes on August 15, 2025.

A plaintiff who cannot afford to pay the case filing fee can request permission to litigate

their case in forma pauperis, that is, without pre-paying the fee. Under the in forma pauperis

statute, though, "the court shall dismiss the case at any time if the court determines that . . . (B)

the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be

granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28

U.S.C. § 1915(e)(2)(B). A case is frivolous if "no reasonable person could suppose [the case] to

have any merit." *Lee v. Clinton*, 209, F.3d 1025, 1026 (7th Cir. 2000).

In 2023, the Supreme Court of Indiana denied Plaintiff's motion to transfer case 08-C01-

2112-MI-27. *Mapes v. State*, 201 N.E.3d 1168, 1168 (Ind. 2023). In so doing, the court noted that

the trial court had denied Plaintiff's challenges to his sex-offender registration requirements

because they were barred by res judicata. *Id.* The court also noted that Plaintiff had filed "at least

six" cases "involv[ing] challenges to Appellant's sex-offender registration requirements—

making at least five of them repetitive and barred by *res judicata*, after those challenges were

decided adversely to Appellant in No. 21A-PC-250." *Id.* at 1169. The appellate decision referenced by the Indiana Supreme Court had denied Plaintiff's attempt to change his reporting requirements because that attempt itself was "an impermissible collateral attack" on a decision made by a Texas court. *Mapes v. State*, 171 N.E.3d 1035 (Ind. Ct. App. 2021) (unpublished table decision). In his complaint, Plaintiff also states in his complaint that a court in Texas affirmed his conviction and rejected Plaintiff's request for reclassification on July 25, 2025.

In the instant case, Plaintiff is once again seeking to challenge his sex-offender registration requirements. Mapes has tried to bring these same matters before various courts at least half a dozen times and has been unsuccessful each time. Additionally, Indiana's Supreme Court and Indiana's Court of Appeals have both found Plaintiff's litigation conduct to be abusive. *Mapes v. State*¸ 201 N.E.3d 1168, 1170 (Ind. 2023) ("Appellant is CAUTIONED that further abuse of the appellate process will likely result in imposition of restrictions."); *Mapes v. Carroll Cnty.*, 266 N.E.3d 283, 285 (Ind. Ct. App. 2025) ("The Court finds that Appellant is a prolific, abusive litigant whose numerous filings have been a drain on judicial resources.") For all these reasons, the Court find that this instant case is without merit, and therefore, frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

Therefore, the Court hereby **DISMISSES with prejudice** this cause of action under 28 U.S.C. § 1915(e)(2)(B)(i).

SO ORDERED.

ENTERED: October 15, 2025

/s/GRETCHEN S. LUND_____
Judge
United States District Court