UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

ERIC-JOSHUA MAPES,

    Plaintiff,

    v.                                                     Case No. 2:25-CV-00378-GSL-JEM

STATE OF INDIANA, *et al*.,

    Defendants.

## OPINION AND ORDER

This matter is before the Court on the Motion for Reconsideration Under Federal Rule of Civil Procedure 59(e) [DE 24] and on the Motion to Enforce Judicial Recusal and Preserve Record of Cross-Court Bias and Constitutional Injury [DE 22] filed by Plaintiff, Eric-Joshua Mapes, on October 27, 2025 and November 3, 2025. For the following reasons, the Motion to Reconsider [DE 24] is **DENIED** and the Motion to Enforce Judicial Recusal [DE 22] is **DENIED as moot**.

### *Background*

Plaintiff, proceeding *pro se*, initiated this lawsuit on August 25, 2025. [DE 1].  The allegations raised in the Complaint involve Plaintiff's status as a "serious sex offender" resulting from a 1999 conviction in Texas state court. [*Id*. at 2]. Plaintiff alleged that because he relocated from Texas to Indiana in 2015, his duty to register as a sex offender terminated. [*Id*.]. Despite that, he claims that the State of Indiana continued to classify him as a "serious sex offender." [*Id*.]. As a result, he filed this lawsuit against various Carrol County and Indiana state officials. [*Id*. at 1].

On the same day he filed his Complaint, Plaintiff also filed a Motion for Leave to Proceed In Forma Pauperis [DE 2]. However, the Court denied that request, which closed the case. *See* [DE 18]. In that Order, the Court explained that Plaintiff's Complaint was meritless and noted that he has brought these same claims several times in various courts and has been unsuccessful every

time. *Mapes v. State*, 201 N.E.3d 1168, 1168 (Ind. 2023); 266 N.E.3d 283, 285 (Ind. Ct. App. 2025).  In fact, previous courts have explained that Mapes is collaterally estopped from continuing to challenge his reporting requirements, and that further attempts could lead to the imposition of further restrictions. *Mapes*, 171 N.E.3d at 1035. Now, Plaintiff is asking this Court to reconsider its denial of his request to proceed *in forma pauperis* and the dismissal of his Complaint.

### *Legal Standard*

Under Rule 59(e), a party may file a motion to reconsider within 28 days of entry of the judgment. Fed. R. Civ. P. 59(e).  However, "relief under Rules 59(e) and 60(b) are extraordinary remedies reserved for the exceptional case . . . ." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). These types of motions "serve a limited function, to be used 'where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Davis v. Carmel Clay Sch.*, 286 F.R.D. 411, 412 (S.D. Ind. 2012) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990)). Specifically, "[a] Rule 59(e) motion will be successful only where the movant clearly establishes '(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (quoting *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir.2012)).

### *Discussion*

The Plaintiff's Motion for Reconsideration misses the mark. Instead of clearly establishing how this Court committed a manifest error of law or fact, or providing new evidence to support his claims, he argues why the previous courts were wrong for not finding in his favor as it related to his challenges of his sex offender status. *See generally* [DE 24]. This alone warrants denial of

his request for reconsideration. However, the Court would like to reiterate that because other courts have found Plaintiff's claim, that his relocation has triggered termination of his sex offender classification, to be frivolous, this Court is bound by those decisions. *See generally Mapes v. State*, 171 N.E.3d 1035 (Ind. Ct. App. 2021) (unpublished table decision); *Mapes v. State*¸ 201 N.E.3d 1168, 1170 (Ind. 2023); *Mapes v. State*, 201 N.E.3d 1168, 1168 (Ind. 2023); *Mapes v. Carroll Cnty.*, 266 N.E.3d 283, 285 (Ind. Ct. App. 2025). Notwithstanding, even if it was not bound, this Court agrees that such a claim is meritless. As a result, this Court **WARNS** Plaintiff that any further filing regarding this issue could result in monetary sanctions.

### *Conclusion*

For these reasons, the Court **DENIES** Plaintiff's Motion to Reconsider [DE 24]. As a result, the Motion to Enforce Judicial Recusal [DE 22] is **DENIED as moot**.

SO ORDERED.

ENTERED: December 9, 2025

/s/ GRETCHEN S. LUND
Judge
United States District Court

3